Cite as 2024 Ark. App. 164

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-23-402

| | | |
|---|---|---|
| FREDDRICK CHILDS | | Opinion Delivered March 6, 2024 |
| | APPELLANT | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT |
| V. | | [NO. 35CR-20-226] |
| STATE OF ARKANSAS | | HONORABLE JODI RAINES DENNIS, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

### N. MARK KLAPPENBACH, Judge

Following a jury trial, Freddrick Childs was convicted in the Jefferson County Circuit Court of two counts of aggravated robbery and two counts of first-degree battery. On appeal, he contends that the circuit court abused its discretion in admitting into evidence cell phone extraction reports and evidence of other bad acts pursuant to Arkansas Rule of Evidence 404(b). We affirm.

The State alleged that on August 11, 2019, Childs committed aggravated robbery and battery against Dennis Bradley and Matthew Mellor. On that date, Bradley saw a Chevrolet Corvette posted for sale on Facebook Marketplace, and after communicating with the seller via messages and a phone call, Bradley and Mellor drove to Pine Bluff to look at the car. The seller texted Bradley two different addresses, and after they met face-to-face, he told Bradley

that the car was a couple of blocks away in his uncle's garage. The seller rode in the back seat of Bradley's Jeep and directed Bradley to drive to the garage of a Car-Mart. The seller then got out of the Jeep, pointed a gun at Bradley, and demanded that Bradley "give [him] the money." Bradley pulled out his own gun but was shot in the hand by the seller. Bradley drove away while the seller continued shooting. Mellor sustained two gunshot wounds.

Prior to trial, the State filed a notice of intent to introduce other crimes or bad acts pursuant to Rule 404(b). The State alleged that on August 7 and 22, 2019, Childs had committed aggravated robbery in Pulaski County against individuals who were responding to posts he had made on Facebook Marketplace listing items for sale. The circuit court ruled that the evidence was admissible over Childs's objection.

Bradley and Mellor testified at trial and identified Childs as the person who had shot them. Mellor had previously identified Childs in two separate photographic lineups. Screenshots from Bradley's phone were admitted into evidence without objection showing the text messages Bradley exchanged with the seller and the seller's phone number.

Sergeant Michael Bryant of the Pulaski County Sheriff's Office testified that he investigated two aggravated robberies that occurred in August 2019 at the Wrightsville City Hall. Zachariah Richards, a victim in the first robbery, testified that he had communicated with someone with the username "Runit" on Facebook Marketplace regarding the sale of an Apple Watch. After Richards arrived at the address provided by the seller, the seller told him that the watch was located a short distance away, and he needed to ride with Richards to get it. After the seller got into the back seat of the car, he pointed a gun at Richards and

2

demanded his cash. The sheriff's office responded to the Wrightsville City Hall again on August 22. While investigators were still on the scene, suspects were stopped in a traffic stop a short distance away, and a victim made a positive identification. An iPhone was recovered from the scene of the crime, and the phone number for this phone matched the phone number used by the seller who had communicated with Bradley. The iPhone was sent to the FBI office in Little Rock to be opened and its contents downloaded.

Michael Rogers, a digital forensic examiner for the FBI, testified that the iPhone was sent to a regional FBI lab in Kansas City so that the phone could be connected to a device called a "GrayKey" that would run software to extract data from the phone. Rogers testified that after the data was extracted, it was put on his office's network in "raw form," and his office used an additional forensic tool to process it. Forensic examiner Timothy Whitlock testified that he created and analyzed reports using the copy of the iPhone that was on their forensic network. Childs objected that neither Rogers nor Whitlock was the person who extracted the data from the phone and generated the report. Childs's objections were overruled, and the court admitted into evidence reports created by Whitlock showing the iPhone's user accounts, instant messages, emails, web history, text messages, and Facebook messenger chats. In messages, the person using the phone identifies himself as "Freddrick Childs." Web history from August 11, 2019, shows that the user performed Google searches for Corvettes. Text messages found on the iPhone were the same messages shown in the screenshots admitted during Bradley's testimony, and text-message-location data showed that

a message was sent from the area of Car-Mart. Finally, Facebook messenger chats showed that the iPhone user was using the username "Runit Up."

On appeal, Childs first argues that the circuit court abused its discretion in admitting the extraction reports from the iPhone. Childs contends that for the extraction reports to be admissible, the State had to offer the testimony of the individual who performed the extraction. In evidentiary determinations, a circuit court has wide discretion, and we do not reverse a ruling on the admission of evidence absent an abuse of discretion. *Hoey v. State*, 2017 Ark. App. 253, 519 S.W.3d 745.

The only case Childs cites is *Jenkins v. State*, 2019 Ark. App. 419, 582 S.W.3d 32. In *Jenkins*, the circuit court ruled that an extraction report was inadmissible because it could not be properly authenticated after the court disallowed the testimony of the witness who extracted the text messages and created the report due to the State's failure to disclose the witness during discovery. However, the admissibility of the extraction report was not an issue on appeal. It was brought up only to provide context for the appellant's arguments that the court abused its discretion in denying his motions for mistrial after the State attempted to use the text messages during the trial. Accordingly, *Jenkins* does not stand for the proposition that the person who performed the extraction must testify at trial for the extraction report to be admissible. Childs does not otherwise make an argument that the extraction reports were not properly authenticated by Rogers and Whitlock or that the GrayKey-generated report was testimonial in nature, thereby implicating his right to

confrontation.  We will not develop an argument for an appellant.  *See Hathcock v. State*, 357 Ark. 563, 182 S.W.3d 152 (2004).

Childs next argues that the circuit court abused its discretion in allowing the testimony of Zachariah Richards because there was nothing to link Childs to that crime. Childs argues that Richards was unable to identify him from a photo lineup and that unlike the charged case, which was an evening robbery at Car-Mart involving the purported sale of a car, Richards was robbed in the daytime in Wrightsville while attempting to purchase a watch.  Childs claims that the testimony was introduced solely to prove that he is a bad person.

Arkansas Rule of Evidence 404(b) allows evidence of other crimes, wrongs, or acts to be admitted for the purpose of proving "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." However, evidence is not admissible under Rule 404(b) to prove the character of a person in order to show that he acted in conformity therewith.  For evidence to be admissible under Rule 404(b), it must have independent relevance.  *Morris v. State*, 367 Ark. 406, 240 S.W.3d 593 (2006).  Evidence admitted under Rule 404(b) is independently relevant if it has a tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.  *Id.*  Any circumstance that ties a defendant to the crime or raises a possible motive for the crime is independently relevant and admissible as evidence.  *Id.*

In reviewing the admission of evidence under Rule 404(b), the supreme court has observed that circuit courts have broad discretion in deciding evidentiary issues, and their decisions are not reversed absent an abuse of discretion. *Vance v. State*, 2011 Ark. 243, 383 S.W.3d 325. We hold that the circuit court did not abuse its discretion here. Although Richards did not identify Childs, the "Runit" account with which Richards communicated was tied to Childs. Both Richards and Bradley were attempting to purchase items on Facebook Marketplace; after arriving at the location where Childs directed them, Childs got into their vehicles to travel to a different location; and Childs then pulled out his gun and demanded their money. We conclude that the robbery of Richards had independent relevance to the intent, motive, or plan of the Bradley robbery and that the two crimes were sufficiently similar to warrant admission of the Rule 404(b) evidence.

Affirmed.

HIXSON and BROWN, JJ., agree.

*Willard Proctor, Jr., P.A.*, by: *Willard Proctor, Jr.*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.